UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

FREEDOM MORTGAGE CORPORATION,

                Plaintiff,                    **DECISION AND ORDER**

        v.                                  1:23-CV-00156 EAW

SALVATORE A. VACANTI, *et al.*,

                Defendants.
_____

## INTRODUCTION

Plaintiff Freedom Mortgage Corporation ("Plaintiff") asserts claims against Salvatore A. Vacanti, Lauren M. Vacanti, and Tonawanda Community Federal Credit Union (collectively, "Defendants") pursuant to New York Real Property Actions and Proceedings Law ("RPAPL") Article 13, seeking to foreclose on a mortgage encumbering 562 Lynbrook Avenue, Tonawanda, New York 14150. (Dkt. 1 at 1). Defendant Lauren M. Vacanti passed away on September 9, 2023 (Dkt. 15-3 at ¶ 6)—three days after she was served (Dkt. 9 at 1).

Presently before the Court is Plaintiff's motion to substitute a party and appoint a guardian *ad litem*. (Dkt. 15). For the reasons discussed below, Plaintiff's motion is denied.

## BACKGROUND

Plaintiff commenced this action on February 17, 2023. (Dkt. 1). On November 9, 2018, defendants Salvatore A. Vacanti and Lauren M. Vacanti executed and delivered to Hunt Mortgage Corporation a note in which they promised to pay $284,747.00, plus

- 1 -

interest on the unpaid amount due (the "mortgage"). (*Id.* at ¶ 6; *id.* at 9-10). Defendants Salvatore A. Vacanti and Lauren M. Vacanti then delivered to Mortgage Electronic Registration Systems, Inc., as mortgagee, as nominee for Hunt Mortgage Corporation, the mortgage, which was recorded with the Erie County Clerk on November 9, 2018. (*Id.* at ¶ 7; *id.* at 11-22). The mortgage was ultimately assigned to Plaintiff. (*Id.* at ¶¶ 8-9).

Defendants Salvatore A. Vacanti and Lauren M. Vacanti failed to make payments in accordance with the terms of the mortgage. (*Id.* at ¶ 10). At the time the action was commenced, there was a principal balance owed of $281,904.12 with an interest rate of 4.8750% accruing from August 1, 2019. (*Id.* at ¶ 11).

## DISCUSSION

Plaintiff and its counsel appear to misapprehend the court in which this action was commenced. Plaintiff previously moved for relief based on the death of defendant Lauren M. Vacanti, without citing any legal authority and making a cursory argument in support of the requested relief, resulting in summary denial of the motion by Text Order entered May 8, 2024. (Dkt. 14). As cautioned in that Text Order, any subsequent motion had to "set forth, in detail and with citation to authority, the legal basis for its request." (*Id.*). Yet, in the pending motion, Plaintiff's counsel cites to the procedural rules for substitution in state court. (*See, e.g.*, Dkt. 15-2 at 4-5 (referencing CPLR 1015)). Indeed, nowhere in the pending motion does Plaintiff cite Federal Rule of Civil Procedure 25.[1] Nonetheless, the Court has discussed the applicable provisions under Rule 25, but Plaintiff and its counsel

---

[1]   There are other problems with the pending motion. For instance, the notice of motion is not signed by counsel. (*See* Dkt. 15 at 1).

are cautioned that any further failure to cite the relevant and applicable standards may result in denial of the requested relief with prejudice. The undersigned neither has the time nor the desire to perform legal research for Plaintiff and its counsel.

"If a party dies and the claim is not extinguished, the court may order substitution of the proper party." Fed. R. Civ. P. 25(a)(1). "A motion for substitution may be made by any party or by the decedent's successor or representative," but the motion must be made "within 90 days after service of a statement noting the death" or the action will be dismissed. *Id.* "The language of Rule 25 is permissive, and '[t]he decision whether to substitute parties lies within the discretion of the trial judge and [s]he may refuse to substitute parties in an action even if one of the parties so moves.'" *Fishman v. Cnty. of Nassau*, No. 10-CV-3231 (MKB), 2013 WL 1339466, at *15 (E.D.N.Y. Apr. 1, 2013) (quoting *Natale v. Country Ford Ltd.*, 287 F.R.D. 135, 137 (E.D.N.Y. 2012)).

A. **The Claim is Not Extinguished**

Plaintiff asserts a claim to foreclose on a mortgage pursuant to RPAPL Article 13. (Dkt. 1 at 1). "According to New York law, a mortgage foreclosure claim survives the death of a fee owner." *U.S. Bank Nat'l Ass'n as Tr. for RMAC Tr., Series 2016 v. Sager*, No. 19-CV-2229 (GRB) (ARL), 2022 WL 4451060, at *2 (E.D.N.Y. Aug. 18, 2022), *report and recommendation adopted sub nom. U.S. Bank Nat'l Ass'n as Tr. for RMAC Tr., Series 2016-CTT v. Sager*, 630 F. Supp. 3d 417 (E.D.N.Y. 2022).

Therefore, Plaintiff's mortgage foreclosure claim survives the death of defendant Lauren M. Vacanti.

B. **Timeliness**

Rule 25 sets forth a 90-day deadline for moving to substitute. "[T]he 90-day period for the filing of a motion to substitute does not begin until a 'statement noting the death' (commonly referred to as a 'suggestion of death' based on the prior wording of Rule 25) is served." *Mandarino v. Mandarino*, 257 F.R.D. 394, 395 (S.D.N.Y. 2009).

Defendant Lauren M. Vacanti passed away on September 9, 2023. (Dkt. 15-3 at ¶ 6). On January 11, 2024, Plaintiff filed a motion to amend or correct the complaint which included a statement noting Lauren M. Vacanti's death. (Dkt. 11-1 at ¶ 4). On June 17, 2024, Plaintiff filed the present motion to substitute a party and appoint a guardian *ad litem*, which also stated that Lauren M. Vacanti had passed. (Dkt. 15-2 at 4; Dkt. 15-3 at ¶ 6).

At this juncture, particularly given the other grounds for denying the pending motion, the Court does not decide whether either of the aforementioned filings constituted a "suggestion of death". But the time period for the filing of a motion to substitute may have already expired. *See Perlow v. Comm'r of Soc. Sec.*, No. 10-CV-1661 SLT, 2010 WL 4699871, at *1 (E.D.N.Y. Nov. 10, 2010) ("[I]n cases where a party's death is first mentioned in a motion for substitution, courts have construed this motion also to be a notice of death."); *United States v. Arena*, No. CV02-5216(JS)(WDW), 2007 WL 2907492, at *2 (E.D.N.Y. Aug. 24, 2007), *report and recommendation adopted*, No. 02CV5216(JS)(WDW), 2007 WL 2907430 (E.D.N.Y. Sept. 30, 2007) (construing the motion for substitution itself, which notes the death of a party, as the suggestion of death when both parties were already aware of the death); *Jones Inlet Marina, Inc. v. Inglima*, 204 F.R.D. 238, 240 (E.D.N.Y. 2001) (finding a letter notifying of client's death, served

upon all parties, was a proper suggestion of death). Any subsequent motion to substitute must appropriately address these timeliness issues, with citations to relevant legal authority.

### C. There is Not a "Proper Party" for Substitution

"Under Rule 25, a proper party for substitution must be 'either (1) a *successor* of the deceased party [—] a distributee of an estate if the estate of the deceased has been distributed at the time the motion for substitution has been made, or (2) a *representative* of the deceased party [—] a person lawfully designated by state authority to represent the deceased's estate.'" *Gusler v. City of Long Beach*, No. 10-CV-2077 PKC AKT, 2015 WL 3796328, at *2 (E.D.N.Y. June 18, 2015) (quoting *Badalamenti v. Country Imported Car Corp.*, No. CV-10-4993(SJF)(WDW), 2012 WL 6061639 (E.D.N.Y. Dec. 5, 2012)). "Whether a person is a proper successor or representative of the decedent is determined by New York law." *Natale*, 287 F.R.D. at 137 (quotation marks and citation omitted).

"Under New York law, the estate is a necessary party to a foreclosure action when the mortgagor has died." *U.S. Bank Nat'l Ass'n as Tr. for RMAC Tr., Series 2016*, 2022 WL 4451060, at *3. But "where a mortgagor/property owner dies intestate and the mortgagee does not seek a deficiency judgment, generally a foreclosure action may be commenced directly against the distributees, in whom title to the real property automatically vests." *Id.* (quoting *NRZ Pass-Through Tr. IV v. Tarantola*, 192 A.D.3d 819, 821 (2d Dep't 2021) (internal quotation marks omitted)).

Plaintiff states that defendant Lauren M. Vacanti "died intestate and the Plaintiff has elected to waive deficiency against her estate." (Dkt. 15-2 at 5). Therefore, the action

may be commenced directly against the "distributees." *See NRZ Pass-Through Tr. IV*, 192 A.D.3d at 821.

Under New York law, "[a] 'successor' of the deceased party is a 'distributee' of the decedent's estate if the estate has been distributed at the time the motion for substitution is made." *Gusler*, 2015 WL 3796328, at *2. "[A] number of courts have determined that a distributee is not a 'proper party' for purposes of substitution until the estate has been fully distributed." *Natale*, 287 F.R.D. at 138.

Here, Plaintiff has submitted no proof that the estate has been distributed. In other words, Plaintiff has not established that defendant Lauren M. Vacanti's heirs are properly named distributees and, as a result, that a proper party exists for substitution. Therefore, Plaintiff's motion to substitute is denied.

## **CONCLUSION**

For the reasons set forth above, Plaintiff's motion to substitute a party (Dkt. 15) is denied without prejudice. Plaintiff's motion to appoint a guardian *ad litem* (Dkt. 15) is denied as moot. While the pending motion to substitute is denied without prejudice, Plaintiff is cautioned that the 90-day clock under Rule 25 may have already expired. The Court takes no position at this time on that issue, but merely cautions Plaintiff about those potential implications. As noted, any subsequent motion to substitute must appropriately address all relevant issue with citation to relevant legal authority. The failure to do so may result in denial of the motion with prejudice.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated: December 30, 2024
      Rochester, New York